IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCH-NEA DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 1422 |
| | ) |
| TRI-STATE NURSING & | ) |
| REHABILITATION CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Tri-State Nursing & Rehabilitation Center, Inc. ("Tri-State") has filed its Answer to the First Amended Complaint ("FAC") brought against it by its ex-employee Sch-Nea Dotson ("Dotson"). This sua sponte memorandum order addresses a couple of problematic aspects of that responsive pleading, although no view is expressed here as to the substantive aspects of the FAC and the Answer.[1]

First, it is difficult to see any good-faith basis for this response by Tri-State to Dotson's straightforward venue allegation in FAC ¶ 3:

> Defendant admits that if this court had jurisdiction over Plaintiff's claims, venue is proper in this court.

Just what is meant by the "if" in that sentence? Whether Dotson is right or wrong on the merits in bringing this Title VII action, nothing is even whispered at in Tri-State's Answer to identify any jurisdictional problem with its institution. Hence Answer ¶ 3 is stricken.

---

[1] That said, however, Tri-State's flat-out denial of the FAC ¶ 12 allegation that Dotson had complained to Tri-State's higher-up LaShonda Jones gives pause in light of the graphic nature of the statements and conduct that FAC ¶ 11 ascribes to Tri-State's Director of Human Resources.

Next, some of Tri-State's Affirmative Defenses ("ADs") pose pleading problems. Here they are:

1. Both AD 1 and AD 3 contain the telltale "to the extent" tipoff that Tri-State does not now have anything to question the subjects addressed there. Both of those ADs are stricken -- without prejudice, of course, to possible proper assertion if future developments in this action disclose a basis for doing so.

2. Because AD 5 is squarely at odds with FAC ¶ 12 -- a contradiction that directly flouts the principles underlying Fed. R. Civ. P. 8(c) (see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) -- it too is stricken, this time without leave to amend.

There is no reason that client Tri-State should pay for those basic pleading errors made by its counsel. Accordingly no charge is to be made by counsel for the time and any expenses incurred in curing any flaw referred to here, and Tri-State's counsel is directed to apprise the client to that effect via a letter accompanied by a copy of this memorandum order, with a copy of that forwarding letter to be transmitted to this Court's chambers (purely as an informational matter, not for filing).

                                                                                Milton I. Shadur
                                                                                Senior United States District Judge

Date: March 31, 2014